**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4602**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DEARNGRE TRYVON KELLEY,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:16-cr-00099-CCE-1)

_____

Submitted:  February 5, 2018                     Decided:  February 23, 2018

_____

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dearngre Tryvon Kelley pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). He was sentenced to 60 months in prison. Kelley appeals, raising one issue. We affirm.

According to the presentence investigation report, Kelley's base offense level was 20 because he had a previous felony conviction of North Carolina common law robbery, which the probation officer deemed a crime of violence. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2015) (base offense level 20 if defendant committed offense after sustaining one felony conviction of either a crime of violence or a controlled substance offense). Kelley initially contended that the North Carolina offense was improperly treated as a crime of violence under the Guideline. However, in his corrected opening brief, Kelley states that, in light of *United States v. Gattis*, 877 F.3d 150 (4th Cir. 2017), his argument lacks merit.

In *Gattis*, we held that a "North Carolina common law robbery conviction categorically qualifie[s] as a felony conviction for a crime of violence, as provided in [USSG] § 2K2.1(a)(4)(A)." *Id.* at 152. As Kelley now concedes, *Gattis* is dispositive in this case.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*